**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30046 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00260-DCN-1 |
| v. | |
| JASON LOWAL GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jason Lowal Garcia appeals from the district court's judgment and

challenges two special conditions of supervised release imposed following his

guilty-plea conviction for failure to register as a sex offender, in violation of 18

U.S.C. § 2250(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia challenges the special conditions of supervised release that require him to participate in a sexual deviancy evaluation and submit to polygraph testing as part of the evaluation. The district court did not abuse its discretion in imposing these conditions, which are reasonably related to the goals of deterrence and protecting the public and involve no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2); *United States v. Hohag*, 893 F.3d 1190, 1192, 1194-95 (9th Cir. 2018) (stating standard of review and holding that assessment and polygraph conditions were justified by risks indicated by failure to register and imposed minimal burden on liberty). Although Garcia's only conviction for a sexual offense against a minor occurred in 2000, the district court's imposition of the conditions is supported by Garcia's two recent convictions for failing to register as a sex offender and lack of any previous assessment or treatment. *See Hohag*, 893 F.3d at 1193-94 ("[W]hen some *recent* event suggests that a defendant still poses a risk of engaging in sexual misconduct, there exists a greater need for a condition meant to address a defendant's history of sexual misconduct."). Moreover, contrary to Garcia's contention, the record reflects that the district court considered Garcia's arguments and adequately explained its reasons for imposing the challenged conditions. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Garcia's motion to stay the imposition of the challenged conditions pending

appeal is denied as moot.

**AFFIRMED.**